# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC., )
425 Third Street SW, Suite 800 )
Washington, DC 20024, )
                                                         Plaintiff, )
v. ) Civil Action No.
 )
U.S. DEPARTMENT OF )
HOMELAND SECURITY, )
Office of the General Counsel )
245 Murray Lane SW )
Mailstop 0485 )
Washington, DC 20528, )
 )
                                                     Defendant. )
 )

## COMPLAINT

Plaintiff, Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Homeland Security is an agency of the U.S. Government and is headquartered at 245 Murray Lane SW, Washington, DC 20528. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 7, 2020, Plaintiff served a FOIA request on the U.S. Secret Service ("Secret Service"), a component of Defendant U.S. Department of Homeland Security, seeking access to the following records:

> Records reflecting the dates and locations of travel, international and domestic, for Hunter Biden while he received a USSS protective detail. In your response, please note whether his travel was on Air Force One or Two, or other government aircraft, as applicable and whether additional family members were present for each trip.

The time frame of the request was identified as "2001 to the present."

6. By letter dated February 11, 2020, the Secret Service acknowledged receipt of the request on February 11, 2020. The Secret Service's letter also advised Plaintiff that the request had been assigned File Number 20200479.

7. On June 15, 2020, the Secret Service provided Plaintiff with what it represented was its "final" response to Plaintiff's request. The production consisted of correspondence between the director of the Secret Service and the chairmen of two committees of the U.S. Senate, as well as eight pages of records the Secret Service appears to have produced to the committee chairmen on April 6, 2020. While responsive to Plaintiff's request, the records produced to the committee chairman are only a subset of the records Plaintiff had requested, as the time frame of the April 6, 2020 production to the committee chairmen – January 29, 2009 to

July 8, 2014 – was different from the time frame of the records Plaintiff had requested – 2001 to the present.

8. The cover letter accompanying the Secret Service's June 15, 2020 production stated, "If you have any questions or would like to discuss this matter, please contact this office at (202) 406-6370."

9. Plaintiff contacted the Secret Service three times at the telephone number provided in the June 15, 2020 letter to discuss the agency's incomplete response. Plaintiff left a voice mail message each time. Plaintiff never received a return call or further response.

10. The Secret Service's June 15, 2020 letter failed to inform Plaintiff that the agency's production was incomplete, did not indicate whether or when a complete production would be provided or offer any reason for the incomplete production or any withholdings or adverse determinations, and did not advise Plaintiff of the right to appeal.

11. As of the date of this Complaint, the Secret Service has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

- 4 -

15. Plaintiff has no adequate remedy at law.

16. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 11, 2020 at the latest.

17. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  July 31, 2020                           Respectfully submitted,

                                                */s/ Paul J. Orfanedes*
                                                Paul J. Orfanedes
                                                D.C. Bar No. 429716
                                                JUDICIAL WATCH, INC.
                                                425 Third Street SW, Suite 800
                                                Washington, DC 20024
                                                Tel:    (202) 646-5172
                                                Fax:    (202) 646-5199
                                                Email: porfanedes@judicialwatch.org

                                                *Counsel for Plaintiff*